IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. Atlanta

APR 15 2013

JAMES N. HATTEN, Clerk
By: sAwlf   Deputy Clerk

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff | : |
| vs. | : |
| | : Civil Action File No. |
| INTER REEF LTD. dba PROFITABLE SUNRISE, | : 1:13-CV-1104-TWT |
| Defendant, | : |
| MELLAND COMPANY S.R.O., COLOR SHOCK S.R.O., SOLUTIONS COMPANY S.R.O., and FORTUNA-K S.R.O., | : |
| Relief Defendants. | : |

**ORDER GRANTING PRELIMINARY INJUNCTION,
CONTINUING ASSET FREEZE, AND GRANTING OTHER RELIEF**

This matter came before the Court on April 15, 2013, for a hearing on

the Securities and Exchange Commission's ("SEC") request that a preliminary

injunction and continuing asset freeze be ordered against Defendant Inter Reef

Ltd. dba Profitable Sunrise ("Inter Reef") and Relief Defendants Melland

Company S.R.O. ("Melland"), Color Shock S.R.O. ("Color Shock"), Solutions

Company S.R.O. ("Solutions"), and Fortuna-K S.R.O. ("Fortuna") (collectively "the Relief Defendants"). Although the Defendant and all Relief Defendants have been served with the summons, complaint, and other pleadings filed to date, by way of the alternative service authorized by this Court's Order of April 4, 2013, no one has entered an appearance on behalf of the Defendant or any of the Relief Defendants. The SEC also is serving the Defendant and Relief Defendants pursuant to the Hague Service Convention.

Having heard from witnesses, examined documents, considered the legal precedents and the arguments of counsel, the Court finds that the SEC has established a *prima facie* case that Inter Reef violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], and that the SEC's evidence supports the following findings:

    1.    Inter Reef Ltd. ("Inter Reef") is a United Kingdom ("UK") company with an address in Birmingham, England. Registered as a British company in September 2011, Inter Reef does business as Profitable Sunrise;

    2.    The UK address for Inter Reef is nothing more than a mail drop;

3. Inter Reef's "director," Agnes Jouaneau, is a resident of the Seychelles. She is director of several dozen other UK companies;

4. Profitable Sunrise, through its website (www.profitablesunrise.com), offered a series of passive investments with low minimum investments claiming to pay interest rates varying between 1.6 percent and 2.7 percent per business day;

5. The investments sold by Inter Reef are "securities" as defined under federal securities law;

6. Inter Reef failed to register those securities with the SEC, and no exemption from registration has been proven;

7. Inter Reef sold its unregistered securities through misrepresentations and omissions of material fact;

8. Inter Reef's sale of its securities constitutes a device, scheme and artifice to defraud;

9. Rather than send their money to Inter Reef, people who wanted to purchase a Profitable Sunrise investment sent their money to another company designated by Inter Reef, including:

    a. Relief Defendant Melland;

    b. Relief Defendant Solutions;

    c. Relief Defendant Color Shock;

    d. Relief Defendant Fortuna;

   e. Technocash Limited ("Technocash"), an Australian entity with an address at 70 Pitt Street, Sydney, NSW, 2000, Australia; and

   f. Trackford Business Corp. ("Trackford"), a Panamanian entity with an address at 50 Street, Global Plaza Tower, 19th Floor, Suite H, Panama City, Panama;

 10. From at least December 10, 2012 to March 18, 2013, U.S. investors in Profitable Sunrise wired funds to Relief Defendant Melland to account number XXXXXXX60001 at Raiffeisenbank A.S. in Prague, Czech Republic. Melland thereby received the proceeds of Inter Reef's fraud;

 11. According to Czech records, as translated using Google Translator,[1] Melland was founded on October 27, 2010 and is owned by a resident of Russia;

 12. From at least February 6, 2013 to March 8, 2013, U.S. investors wired money to Relief Defendant Color Shock to account number XXXXXXX0015 at MKB Bank Zrt. in Budapest, Hungary. Color Shock thereby received the proceeds of Inter Reef's fraud;

 13. According to Czech records, as translated using Google Translator, Color Shock was founded on June 14, 2011 and is owned by a resident of the Czech Republic;

---

[1] http://translate.google.com/?sl=cs#cs/en/Spole%C4%8Dn%C3%ADci

14. From at least February 4, 2013 to February 21, 2013, U.S. investors wired money to Relief Defendant Solutions to account number XXXXXXX0500 at Ceskolovenska Obchodni Bank A.S. in Prague, Czech Republic. Solutions thereby received the proceeds of Inter Reef's fraud;

15. According to Czech records, as translated using Google Translator, Solutions was founded on June 15, 2011 and is owned by a resident of Mexico;

16. The Prague address for Solutions is within yards of the address listed for Color Shock;

17. From at least February 25, 2013 to March 6, 2013, U.S. investors wired money to Relief Defendant Fortuna to account number XXXXXXX0297 at Komercni Banka A.S. in Prague. Fortuna thereby received the proceeds of Inter Reef's fraud;

18. According to Czech records, as translated using Google Translator, Fortuna was founded on December 10, 1999 and is owned by two residents of the Czech Republic;

19. Profitable Sunrise investors also wired money to Technocash to account number XXXXXXXX0548 at Westpac Bank in Sydney, NSW, Australia. Technocash thereby received the proceeds of Inter Reef's fraud;

20. Profitable Sunrise investors also wired money to Trackford to account number XXXXXXX2585 at ABLV Bank A.S. in Riga, Latvia. Trackford thereby received the proceeds of Inter Reef's fraud;

21. Melland, Color Shock, Solutions, Fortuna, Technocash, and Trackford have been unjustly enriched by their receipt of investor funds; and

22. Continuing violations are likely in the absence of injunctive relief.

In light of the above findings, there being no expressed opposition to the requested relief, and good cause having been shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I.

**IT IS HEREBY ORDERED** that, pending determination of the Motion for Permanent Injunction, Defendant and its agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they hereby are, restrained from, directly or indirectly:

(a) Unless a registration statement is in effect as to a security:

(1) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; and

    (2) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

  (b) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, in violation of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)].

## II.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Permanent Injunction, the Defendant and its agents, servants, employees, attorneys and those persons in active concert or participation with them, be, and they hereby are, restrained from, directly or indirectly, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any

national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

    (1)    employing any device, scheme or artifice to defraud;

    (2)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

    (3)    obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (4)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], thereunder, by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (A)    the use of investor funds;

    (B)    the risk of the investment; and

    (C)    the existence and/or nature of any profit-generating enterprise.

### III.

**IT IS FURTHER ORDERED** that, pending determination of the Motion for Permanent Injunction, Defendant and Relief Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including, without limitation, Raiffeisenbank A.S., Ceskolovenska Obchodni Bank A.S., MKB Bank Zrt., and Komercni Banka A.S.), and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent authority, in whatever form such assets presently exist including but not limited to:

Account number XXXXXXX60001 in the name of Relief Defendant Melland Company S.R.O. at Raiffeisenbank A.S. in Prague, Czech Republic;

Account number XXXXXXX0500 in the name of Relief Defendant Solutions Company S.R.O. at Ceskolovenska Obchodni Bank, A.S. in Prague, Czech Republic;

Account number XXXXXXX0015 in the name of Relief Defendant Color Shock S.R.O. at MKB Bank ZRT in Budapest, Hungary; and

Account XXXXXXX0297 in the name of Relief Defendant Fortuna-K S.R.O. at Komercni Banka A.S. in Prague, Czech Republic.

## IV.

**IT IS FURTHER ORDERED** that all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendant or Relief Defendants or over which Defendant or Relief Defendants exercise actual or apparent investment or other authority (including assets in the name of Defendant or Relief Defendants or assets paid into such accounts by investors in the scheme at the direction of Defendant or Relief Defendants), shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. This Order applies to assets in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the name of, for the benefit of, or under the control of Defendant or Relief Defendants, their

agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them.

## V.

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction over this matter and over the Defendant and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered.

**SO ORDERED** this 15 day of April, 2013.

*Thomas W. Thrash* (signature)

Thomas W. Thrash, Jr.
United States District Judge