# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** : <br> : <br> **Plaintiff** : <br> : <br> vs. : <br> : <br> **INTER REEF LTD. dba PROFITABLE SUNRISE,** : <br> : <br> **Defendant,** : <br> : <br> **MELLAND COMPANY S.R.O., COLOR SHOCK S.R.O., SOLUTIONS COMPANY S.R.O. and FORTUNA-K S.R.O.** : <br> : <br> **Relief Defendants.** : <br> : | **Civil Action File No.** <br><br> **1:13-CV-1104-TWT** |

## FINAL JUDGMENT

The Court having granted the Securities and Exchange Commission's Motion for Default Judgment against Defendant Inter Reef Ltd. dba Profitable Sunrise ("Defendant") and Relief Defendants Melland Company S.R.O. ("Melland"), Color Shock S.R.O. ("Color Shock"), Solutions Company S.R.O. ("Solutions"), and Fortuna-K S.R.O. ("Fortuna-K") (hereafter collectively "Relief Defendants"), the

Court hereby enters final judgment in favor of the Securities and Exchange Commission ("SEC" or "Commission") and against the Defendant and Relief Defendants as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a)    the use of investor funds;

    (b)    the risk of the investment; and

    (c)    the existence and/or nature of any profit-generating enterprise.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a)    the use of investor funds;

    (b)    the risk of the investment; and

    (c)    the existence and/or nature of any profit-generating enterprise.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of

sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Relief Defendants are liable, jointly and severally, for

disgorgement of all sums raised in the enterprise described in the Commission's Complaint, including, but not limited to, all amounts transmitted from the United States to accounts outside the United States, including to accounts held in the name of the Relief Defendants wherever those accounts are located, but specifically to accounts held in the following banks:

- Raiffeisensbank, A.S. in the Czech Republic (including but limited to account number XXXXXXX6001 in the name of Relief Defendant Melland);

- Ceskolovenska Obchodni Bank, A.S. in the Czech Republic (including, but not limited to, account number XXXXXXX0500 in the name of Relief Defendant Solutions)

- Komercni Bank, A.S. in the Czech Republic (including, but not limited to, account number XXXXXXX0297 in the name of Relief Defendant Fortuna-K, and

- MKB Bank, ZRT in Hungary (including, but not limited to, account number XXXXXX0015 in the name of Relief Defendant Color Shock).

together with prejudgment interest thereon. The Commission may move to amend this Final Judgment within 90 days to more precisely quantify the amount of

disgorgement and prejudgment interest.

Defendants and Relief Defendants shall satisfy the disgorgement obligation by paying the ordered disgorgement to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from bank accounts via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>     Enterprise Services Center
>     Accounts Receivable Branch
>     6500 South MacArthur Boulevard
>     Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's and/or Relief Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant and Relief Defendants shall simultaneously transmit photocopies

8

of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant and Relief Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or Relief Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant and Relief Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED this 16th day of March, 2016.

<u>/s/Thomas W. Thrash</u>
Thomas W. Thrash
United States District Judge